UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

Case No.: 7:26-cv-204

MAX IVAN TIJERINA,
*individually and on behalf of all*
*others similarly situated,*                                CLASS ACTION

Plaintiff,                                                              JURY TRIAL DEMANDED

v.

ABC FITNESS SOLUTIONS LLC,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Max Ivan Tijerina ("Plaintiff") brings this class action against ABC Fitness Solutions LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1.      The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## NATURE OF THE CLAIM

2.      This is a putative class action arising from Defendant's violations of the TCPA.

3.      Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice.

1

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA. Additionally, this Court has supplemental jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code, pursuant to 28 U.S.C. § 1367.

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's tortious conduct against Plaintiff occurred within this District and, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals within this District, such that some of Defendant's acts in making such calls have occurred within this District.

## PARTIES

7. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Hidalgo County, Texas.

8. Defendant is a Delaware Limited Liability Company with its headquarters located in Sherwood, Arkansas.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

10.     Between October 21, 2025 and October 27, 2025, Defendant placed calls using a prerecorded voice message to Plaintiff's cellular telephone number ending in 2519 (the "2519" Number"). During the calls, Defendant played a prerecorded voice message identifying Defendant and requesting a call back. The message used by Defendant was recorded prior to it being utilized during the calls to Plaintiff, and a live person did not read a script during the calls.

11.     When Plaintiff listened to the prerecorded voice calls, he was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

12.     Overall, Defendant sent Plaintiff more than one prerecorded voice call to Plaintiff's 2519 number.

13.     Indeed, all of the above-mentioned calls received by Plaintiff utilized a recording of a generic sounding voice.

14.     Plaintiff received the subject calls with a prerecorded voice within this District and, therefore, Defendant's violation of the TCPA occurred within this District. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this District.

15.     At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded calls.

16.     Plaintiff is the subscriber and sole user of the 2519 Number and is financially responsible for phone service to the 2519 Number.

17.     Defendant's unsolicited prerecorded call caused Plaintiff and the  Class members actual harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

19.     Plaintiff brings this case on behalf of the Classes defined as follows:

> **TCPA Class - All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone from Defendant.**
>
> **Texas Class - All persons residing in Texas who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone from Defendant.**

20.     Plaintiff reserves the right to modify the Classes definitions as warranted as facts are learned in further investigation and discovery.

21.     Defendant and its employees or agents are excluded from the Classes.

### NUMEROSITY

22.     Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent.  The members of the Classes, therefore, are so numerous that joinder of all members is impracticable.

23.     Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

4

24.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the Classes are:

a.    Whether Defendant made non-emergency prerecorded calls to Plaintiff's and members of the Classes cellular telephones;

b.    Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

c.    Whether Defendant's conduct was knowing and willful;

d.    Whether Defendant is liable for damages, and the amount of such damages; and

e.    Whether Defendant should be enjoined from such conduct in the future.

25.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26.    Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### ADEQUACY

27.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

28.    Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Classes.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain members of the Classes are not parties to such actions.

### COUNT I
### VIOLATIONS OF THE TCPA
**(On Behalf of Plaintiff and the TCPA Class)**

31.     Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

32.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging

service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

34.     Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

35.     Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

36.     Defendant has, therefore, violated §§ 227(b)(1)(A)(iii) and 64.1200(a)(1)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

37.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

38.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**<u>VIOLATION OF TEXAS BUSINESS AND COMMERCE CODE § 305.053</u>**
**(On Behalf of Plaintiff and the Texas Class)**

39.     Plaintiff re-alleges and incorporates paragraphs 1-30 as if fully set forth herein.

40.     Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision . . . against the person who originates the communication . . . ." Tex. Bus. & Com. Code § 305.053(a).

41.    Therefore, "[t]he elements of a § 305.053 claim 'correspond to the necessary elements for a TCPA claim.'" *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

42.    Plaintiff and the Texas Class members are entitled to an award of at least $500 in damages for each such violation under Texas Business and Commerce Code § 305.053(b)(1).

43.    Plaintiff and the Texas Class members also request that the Court award treble damages based on Defendants' knowing and/or intentional violations under Texas Business and Commerce Code § 305.053(c)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA and Texas Business and Commerce Code § 305.053;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and Texas Business and Commerce Code § 305.053;

d) An injunction requiring Defendant to cease its conduct in placing prerecorded calls in violation of the TCPA and Texas Business and Commerce Code § 305.053; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

8

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: April 27, 2026

<div style="margin-left:50%">

Respectfully Submitted,

/s/ Zane C. Hedaya
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

</div>