United States District Court
Southern District of Texas
FILED

SEP 03 2026

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MAX IVAN TIJERINA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:26-CV-0204** |
| | § | |
| **ABC FITNESS SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**

Plaintiff MAX IVAN TIJERINA, appearing through counsel, Zane C. Hedaya with the Law Offices of Jibrael S. Hindi, PLLC, filed a *Class Action Complaint* against Defendant ABC FITNESS SOLUTIONS, LLC, raising claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and Texas Business and Commerce Code § 305.053, based on allegations that Defendant placed non-emergency telephone calls using a prerecorded voice message to Plaintiff's cellular telephone number. Nevertheless, Plaintiff's counsel, Mr. Hedaya, has since filed a *Motion to Withdraw as Counsel of Record* (the "Motion") (Dkt. No. 11), which is predicated on counsel's inability to speak with Plaintiff about these proceedings despite multiple attempts at communication through various means (*see id.* at 1). Twice now, Plaintiff has been ordered to attend hearings on the Motion but has failed to appear.

These issues have been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 11) be GRANTED to the extent that Mr. Hedaya and the Law Offices of Jibrael S. Hindi, PLLC seek to withdraw as Plaintiff's counsel of record. Moreover, considering Plaintiff's failure to follow court orders and his apparent disinterest in

prosecuting this case, the Magistrate Judge further RECOMMENDS that this case be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. PROCEDURAL BACKGROUND

According to the pleadings, Plaintiff received the phone calls made the basis of this action between October 21 and October 27, 2025. (Dkt. No. 1 at 3).

On April 27, 2026, Mr. Hedaya filed this action on Plaintiff's behalf. (*Id.*).

Defendant waived service (Dkt. No. 6), and the court entered orders extending Defendant's deadline to submit an answer to the pleadings based on the agreement of the parties (*see* Dkt. Nos. 7, 8, 9, 10).[1]

On July 23, 2026, Mr. Hedaya filed the Motion. (Dkt. No. 11).

On July 27th, the Magistrate Judge issued a written order setting the Motion for hearing. (Dkt. No. 15). The hearing was scheduled for August 3rd. (*Id.*). Mr. Hedaya was ordered to address why this case should not be dismissed for the failure to prosecute. (*Id.*). Plaintiff was ordered to appear in person, and Mr. Hedaya was ordered to attempt to provide Plaintiff with notice of the order and hearing. (*Id.*).

On August 3rd, Plaintiff failed to appear at the scheduled hearing, despite Mr. Hedaya's representations that his office had attempted to reach Plaintiff via telephone and sent him notice via certified mail. As such, the Magistrate Judge rescheduled the hearing for August 24th. (Dkt. No. 16). Plaintiff was again ordered to appear in person, and Mr. Hedaya was ordered to provide Plaintiff with notice of the order and hearing by certified mail. (*Id.* at 1-2). The order specifically warned that, should Plaintiff fail to appear at the rescheduled hearing, the Magistrate Judge would recommend that this case be dismissed without prejudice pursuant to Rule 41(b). (*Id.* at 1).

---

[1] An answer remains pending upon further stipulation and order of the court. (*See* Dkt. Nos. 18, 19).

On August 24th, Plaintiff failed to appear for the rescheduled hearing. Mr. Hedaya represented that his office attempted to contact and notify Plaintiff of the hearing via telephone and e-mail, while confirming that Plaintiff received notice via certified mail. Mr. Hedaya has filed a copy of the mailing receipt and tracking information (Dkt. No. 20), which reflect that counsel's mailing was delivered to Plaintiff at his home address in Edinburg, Texas on August 6th.

## II. LEGAL STANDARDS

### A. Withdrawal of Counsel

In the Fifth Circuit, an attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client. *Anderson v. Compass Bank*, 2014 WL 5468132, at *9 (S.D. Tex. Oct. 28, 2014) (quoting *Williams v. Huntington Ingalls, Inc.*, 488 F. App'x 864, 866 (5th Cir.2012) (per curiam)) (quotations omitted). Even where good cause exists, a court has the duty to ensure that the prosecution of the lawsuit is not disrupted by the withdrawal. *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). This depends on the following factors: (i) the extent to which withdrawal will delay or disrupt the case; (ii) the length of time for which the case and any dispositive motions have been pending; (iii) the time it would take—and the financial burden it would impose on—the client to find new counsel; (iv) the financial burden the attorney would face if not allowed to withdraw; (v) prejudice to the other parties; and (vi) whether withdrawal will harm the administration of justice. *Ashley v. Ethicon, Inc.*, 2023 WL 11950651, at *1 (E.D. Tex. Jan. 31, 2023) (citing *White*, 2010 WL 2473833, at *3).

### B. Failure to Prosecute

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ.

P. 41(b). A district court may also dismiss an action sua sponte under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority derives from a court's inherent power to control its docket, prevent undue delays in the disposition of cases, and avoid congested calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). A Rule 41(b) dismissal may be either with or without prejudice. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("Unless an involuntary order of dismissal specifies that it is without prejudice, . . . it 'operates as an adjudication on the merits.'" (quoting Fed. R. Civ. P. 41(b)).

Dismissal with prejudice is reserved for the most egregious cases, where there is a clear record of delay or contumacious conduct, and lesser sanctions would not serve the best interests of justice. *Id.* Such a dismissal must be based on at least one of three aggravating factors: (i) delay caused by the plaintiff themselves and not their attorney; (ii) actual prejudice to the defendant; or (iii) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). If a plaintiff would be barred from reasserting their claims because the statute of limitations period has expired, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and subject, therefore, to the same heightened standard. *Id.*

## III. ANALYSIS

Here, the Magistrate Judge is satisfied that the Motion is supported by good cause. Indeed, courts have found good cause for withdrawal where, as here, a client refuses to respond to counsel's attempts to contact them for some time. *See, e.g.*, *Anderson*, 2014 WL 5468132, at *9. The Magistrate Judge is also satisfied that Plaintiff has been provided with reasonable notice of the Motion and associated hearings. Again, Mr. Hedaya represented that his office repeatedly attempted to contact Plaintiff and notice him of these matters via telephone, e-mail, and certified

mail—never once to hear back from Plaintiff. Moreover, the undue disruption of this action does not present a concern insofar as dismissal is warranted for Plaintiff's failure to prosecute.

In terms of dismissal, Plaintiff has twice now disregarded the Magistrate Judge's direct orders to appear in court and address the Motion—that is, despite the Magistrate Judge's warnings about the consequences for the failure to appear. "Repeated failures to comply with court orders after being warned multiple times that such failures would result in dismissal, or repeated failures to appear in court for hearing dates[,] have been held to be 'contumacious conduct' warranting dismissal under Rule 41(b)." *Parfait v. Hercules Drilling Co., LLC*, 2012 WL 6697133, at *2 (E.D. La. Dec. 21, 2012) (citing *Dorsey v. Scott Wetzel Srvs., Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996)); *see also Tillman-Felton v. Haza Grp.*, 2026 WL 2330043, at *2 (E.D. La. July 23, 2026), *report and recommendation adopted*, 2026 WL 2323507 (E.D. La. Aug. 11, 2026). Notably, the applicability of the heightened dismissal-with-prejudice standard does not apply insofar as Plaintiff would still have time to reassert his claims. The limitations period applicable to a TCPA claim is four years. *Arredondo v. SunLife Power, LLC*, 2023 WL 5617811, at *3 (W.D. Tex. Aug. 30, 2023) (citing *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 107 (2d Cir. 2013)); *Zarder v. Tex. Guaranteed Student Loan Corp.*, 2019 WL 2565272, at *3 (W.D. Tex. Mar. 4, 2019) (citing *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 841 (E.D. La. 2012)). The limitations period for a related claim under Texas Business and Commerce Code § 305.053 is at least two years. *See Arredondo*, 2023 WL 5617811, at *3 (dismissing TCPA and § 305.053 claims under Rule 41(b) without deciding whether two or four-year limitations period applied to § 305.053 claim because earliest conduct plaintiff complained of occurred within earlier of potentially applicable limitations periods). The phone calls at issue here were supposedly placed to Plaintiff's cellphone in October 2025, or less than one year ago.

## IV. CONCLUSION

### *Recommended Disposition*

For these reasons, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 11) be GRANTED, such that Mr. Hedaya and the Law Offices of Jibrael S. Hindi, PLLC should be granted leave to withdraw as Plaintiff's counsel of record. The Magistrate Judge further RECOMMENDS that this case be DISMISSED without prejudice pursuant to Rule 41(b).

### *Advisory to Plaintiff's Counsel*

Plaintiff's counsel is ADVISED that their withdrawal remains pending until this report is accepted by the District Judge, thus counsel remains under the responsibility to attempt to advise Plaintiff of this report.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Judge on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Judge, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to send Plaintiff a copy of this report by any receipted means to: Max Ivan Tijerina, 6805 N. Doolittle Road, Edinburg, Texas 78542.

The Clerk is further DIRECTED to send Plaintiff a copy of this report via e-mail at: maxivantijerina@gmail.com.

DONE at McAllen, Texas this 3rd day of September 2026.

J. SCOTT HACKER
United States Magistrate